[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

**BC**

**RECEIVED** MAN
2/20/2026
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| _____ ) <br> Lorena R Munoz ) <br> _____ ) <br> **(Name of the plaintiff or plaintiffs)** ) <br> ) <br> v. ) <br> ) <br> Radisson Chicago Mp Management LLC ) <br> _____ ) <br> _____ ) <br> **(Name of the defendant or defendants)** ) | CIVIL ACTION <br><br> NO. **26cv01984** <br> **Judge Sharon Johnson Coleman** <br> **Magistrate Judge M. David Weisman** <br> **Random Cat 2** |

## COMPLAINT OF EMPLOYMENT DISCRIMINATION

1. This is an action for employment discrimination.

2. The plaintiff is Lorena R Munoz of the county of Cook in the state of Illinois.

3. The defendant is Radisson Chicago Mp Management LLC, whose street address is 221 N Columbus Dr.

(city) Chicago (county) Cook (state) Illinois (ZIP) 60601

(Defendant's telephone number) (312)-638-66-86

4. The plaintiff sought employment or was employed by the defendant at (street address)

221 N Columbus Dr. (city) Chicago

(county) Cook (state) Illinois (ZIP code) 60601

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

5.     The plaintiff [*check one box*]

   (a)   ☐   was denied employment by the defendant.

   (b)   ☐   was hired and is still employed by the defendant.

   (c)   ☑   was employed but is no longer employed by the defendant.

6.     The defendant discriminated against the plaintiff on or about, or beginning on or about,
       (month) July____, (day) 21____, (year) 2025__.

7.1    *(Choose paragraph 7.1 or 7.2, do not complete both.)*

   (a)   The defendant is not a federal governmental agency, and the plaintiff
         [*check one box*] ☑*has*  ☐*has not* filed a charge or charges against the defendant

         asserting the acts of discrimination indicated in this complaint with any of the

         following government agencies:

      (i)   ☑ the United States Equal Employment Opportunity Commission, on or about

            (month) September__ (day) 23____ (year) 2025__.

      (ii)  ☐ the Illinois Department of Human Rights, on or about

            (month)_____ (day)_____ (year)_____.

   (b)   If charges *were* filed with an agency indicated above, a copy of the charge is

         attached. ☑ Yes, ☐ No, **but plaintiff will file a copy of the charge within 14 days.**

   It is the policy of both the Equal Employment Opportunity Commission and the Illinois

   Department of Human Rights to cross-file with the other agency all charges received. The

   plaintiff has no reason to believe that this policy was not followed in this case.

7.2    The defendant is a federal governmental agency, and

   (a)   the plaintiff previously filed a Complaint of Employment Discrimination with the

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

Rev. 06/27/2016

2

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

☐      Yes (month)_____ (day)_____ (year) _____

☐      No, did not file Complaint of Employment Discrimination

(b)     The plaintiff received a Final Agency Decision on (month)_____

(day) _____ (year) _____.

(c)     Attached is a copy of the

(i) Complaint of Employment Discrimination,

☐ YES     ☐ NO, but a copy will be filed within 14 days.

(ii) Final Agency Decision

☐ YES     ☐ NO, but a copy will be filed within 14 days.

8.     *(Complete paragraph 8 only if defendant is not a federal governmental agency.)*

(a)☐     the United States Equal Employment Opportunity Commission has not issued

a *Notice of Right to Sue.*

(b)☑     the United States Equal Employment Opportunity Commission has issued a

*Notice of Right to Sue,* which was received by the plaintiff on

(month) November (day) 24 (year) 2025 a copy of which

*Notice* is attached to this complaint.

9.     The defendant discriminated against the plaintiff because of the plaintiff's [*check only those that apply*]:

(a)☐   Age (Age Discrimination Employment Act).

(b)☐   Color (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).

3

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

(c)☐ Disability (Americans with Disabilities Act or Rehabilitation Act)

(d)☑ National Origin (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).

(e)☑ Race (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).

(f)☐ Religion (Title VII of the Civil Rights Act of 1964)

(g)☐ Sex (Title VII of the Civil Rights Act of 1964)

10. If the defendant is a state, county, municipal (city, town or village) or other local governmental agency, plaintiff further alleges discrimination on the basis of race, color, or national origin (42 U.S.C. § 1983).

11. Jurisdiction over the statutory violation alleged is conferred as follows: for Title VII claims by 28 U.S.C.§1331, 28 U.S.C.§1343(a)(3), and 42 U.S.C.§2000e-5(f)(3); for 42 U.S.C.§1981 and §1983 by 42 U.S.C.§1988; for the A.D.E.A. by 42 U.S.C.§12117; for the Rehabilitation Act, 29 U.S.C. § 791.

12. The defendant [*check only those that apply*]

(a)☐ failed to hire the plaintiff.

(b)☑ terminated the plaintiff's employment.

(c)☐ failed to promote the plaintiff.

(d)☐ failed to reasonably accommodate the plaintiff's religion.

(e)☐ failed to reasonably accommodate the plaintiff's disabilities.

(f)☑ failed to stop harassment;

(g)☑ retaliated against the plaintiff because the plaintiff did something to assert rights protected by the laws identified in paragraphs 9 and 10 above;

(h)☑ other (specify): false accusations of miss conduct and defam_ation.

4

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

_____

_____

_____

_____

13. The facts supporting the plaintiff's claim of discrimination are as follows:

I was subjeceted to a continuous pattern of retaliation, harassment, and discrimination based on national origin after engaging in protected activities. I initially complained in person to Human Resources, accompanied by witnesses, regarding my manager's mistreatment and unfair table assignments. (see additional page)

14. **[*AGE DISCRIMINATION ONLY*]** Defendant knowingly, intentionally, and willfully discriminated against the plaintiff.

15. The plaintiff demands that the case be tried by a jury. ☑ YES ☐ NO

16. THEREFORE, the plaintiff asks that the court grant the following relief to the plaintiff [*check only those that apply*]

(a) ☐ Direct the defendant to hire the plaintiff.

(b) ☑ Direct the defendant to re-employ the plaintiff.

(c) ☐ Direct the defendant to promote the plaintiff.

(d) ☐ Direct the defendant to reasonably accommodate the plaintiff's religion.

(e) ☐ Direct the defendant to reasonably accommodate the plaintiff's disabilities.

(f) ☑ Direct the defendant to (specify): Pay back pay, Compesatory damages for emotional distress and demafation and demafation and Puntitive damages.

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

**ITEM 13 CONTINUED:**

Following this, I began to see a significant reduction in my hours; despite being a full-time employee, I was assigned only 16, 18, or 19 hours per week. **On May 6, 2025,** after enduring this reduction for some time, I formally followed up by sending an email to management expressing my concerns specifically about the unfair distribution of hours and why a part-time coworker, Astrit Erkocaj, was receiving more hours than I was as a full-time employee.

Astrit Erkocaj, a coworker of European origin, was granted the unique privilege of working as both a server and a supervisor during the same shifts. There were shifts where he worked as a server, attending to his own tables, and then at the end of the shift, he was the one in charge of closing the floor and providing the final reports to the rest of us. **Furthermore, he continued to receive tips while simultaneously acting as a supervisor, which created an unfair advantage.**

**I felt extremely uncomfortable because he would continually use his supervisor credentials to access the system and monitor my every move in real-time.** He eventually used these credentials to create a false case of theft against me from three weeks prior. It is worth mentioning that I had never previously had any reports with HR regarding any incidents with tables, nor had I received any warnings from any supervisor. It was only this coworker who snooped through every table I served while we were both working as servers. **In fact, he was not even the supervisor on duty the day I waited on that specific table.** He searched until he found something from nearly a month ago and then reported me to HR, claiming that I had committed theft regarding table discounts, which is a false testimony.

Furthermore, the manager Valery required me to follow rules not imposed on others, such as requiring personal text messages to cover shifts for others, such as my coworker Araceli, which she then refused to approve.

**On May 28, 2025**, I was falsely accused of stealing tips. My manager Valery was present during this first accusation, **which was conducted in the presence of another coworker who was forced to translate for me without my request her name is Ailyn**. I stood my ground and forced management to review the security footage; it was clearly proven that I had not stolen anything, and Human Resources had to apologize to me for the error. Notably, the manager Valery who made this false accusation and had been harassing me was terminated by the company the very next day, May 29, 2025.

**In July 2025**, I was absent on July 5th and 6th due to illness. When I returned, a supervisor presented me with a disciplinary document that intentionally inflated my attendance points to 10 instead of 5. **I refused to sign this incorrect document until it was finally rectified on July 11, 2025.** This was a clear attempt to fabricate grounds for my termination just days before my dismissal.

**On July 15, 2025,** I was suspended pending an investigation into checks from three weeks prior. Management accused me of theft, claiming their records showed I was stealing money and pocketing it. They pressured me to explain the situation in detail, but since the table had been served nearly a month earlier, I could not recall every specific detail at that moment.

However, I maintained my absolute certainty that I had not stolen anything. They then told me that if it wasn't me, I should point out who was doing it, essentially demanding that I implicate others. I told them truthfully that neither my supervisor nor I had committed any theft. They stated they were giving me an 'opportunity' to provide my version of events, but when I could not provide the incriminating information they were looking for, they proceeded to suspend me. I was the server for that table **on June 21ˢᵗ.**

During the investigation period, I recalled every detail and sent a step-by-step explanation via email to management. Despite my cooperation, management ignored my defense. Management again violated my confidentiality by conducting the **July 15 meeting in the presence of Jaime**, an employee from a different department, causing me significant distress.

**On July 21, 2025**, I was terminated via a telephone call. During that call, I asked if the termination was due to the incident involving the table, and **the HR Manager admitted that it was.** I pointed out that I had a clean disciplinary record, making the decision clearly unjust.

The following day, I sent an email to the HR Manager requesting the video or photographic evidence they claimed to have showing me taking the money. **Her response was that she had already shown them to me in the presence of Jaime during my suspension.** She also attached the same receipts she had shown me in person—**receipts that clearly show the authorizations were under my supervisor's credentials,** as I did not have the authority to apply those discounts myself.

Furthermore, my supervisor, Tomas Del Rio Torres, was also terminated. **Before his departure, he explicitly told management that I had done nothing without his direct authorization.** Despite this, I was fired without any progressive discipline. Management refused to provide actual video evidence, and **the company failed to respond to the IDES investigation**, which resulted in a determination in my favor confirming there was no misconduct. This proves that the investigation was a mere pretext for discrimination and retaliation.

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

_____

_____

_____

_____

(g) ☑     If available, grant the plaintiff appropriate injunctive relief, lost wages, liquidated/double damages, front pay, compensatory damages, punitive damages, prejudgment interest, post-judgment interest, and costs, including reasonable attorney fees and expert witness fees.

(h) ☑     Grant such other relief as the Court may find appropriate.

(Plaintiff's signature) _____

(Plaintiff's name)

_____ Lorena R Munoz _____

(Plaintiff's street address)

4537 S Washtenaw Ave _____

_____

(City) Chicago _____ (State) IL _____ (ZIP) 60632

(Plaintiff's telephone number) (____) – 210 - 902 - 92 - 83 _____

Date: 02/18/26 _____

6

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]